# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA LYNN MOYER** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 17-2921 |
| | : | |
| **NANCY A. BERRYHILL,** | : | |
| **Acting Commissioner of Social Security,** | : | |
| | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this 19th day of April, 2018, upon independent consideration of the plaintiff's request for review (Doc. No. 15), the defendant's response (Doc. No. 16), and the plaintiff's reply (Doc. No. 18), and after review of the thorough and well-reasoned Report & Recommendation of U.S. Magistrate Judge Carol Sandra Moore Wells, **IT IS ORDERED** that:

  1. Upon de novo review, plaintiff's objections are **OVERRULED**;[1]

---

[1] Plaintiff timely filed Objections to the Report and Recommendation on April 6, 2018. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and enter judgment in favor of the defendant.

I will review de novo the portions of the Report and Recommendation to which plaintiff objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's sole objection concerns Judge Wells' finding that the ALJ committed no error by disregarding plaintiff's physical impairments and, more specifically, plaintiff's bilateral carpal tunnel syndrome. It is undisputed that plaintiff did not allege that her physical impairments were disabling. And yet, plaintiff argues that "it is possible that her physical impairments, when combined with her mental impairments, could have resulted in a finding at Step 5 that there was no work Plaintiff could perform." (Objections at P. 2.) Judge Wells concluded that the ALJ did not err in evaluating plaintiff's Residual Functional Capacity ("RFC"), reasoning that "plaintiff

2. The Report & Recommendation is **APPROVED** and **ADOPTED**;

2. The plaintiff's request for review is **DENIED**;

4. Judgment is entered in favor of the defendant; and

---

confirmed that she was not disabled based upon any physical impairment." (Report and Recommendation at 9) (citing Rutherford v. Barnhart, 399 F.3d 546, 556 (3d Cir. 2005)).

I find that Judge Wells did not err in concluding that the ALJ committed no error in her RFC assessment. It is well-established that "the determination of [a] claimant's RFC is the exclusive responsibility of the ALJ . . . [and] the ALJ need only include in the RFC those limitations which he finds credible." Garrett v. Commissioner of Social Sec., 274 Fed. Appx. 159, 2008 WL 1748284 (3d Cir. April 17, 2008). An ALJ may conclude that a claimant has mild limitations at step two of the analysis, but then conclude that these limitations do not require any necessary restrictions in the RFC analysis. Bullock v. Colvin, 2015 WL 3999520 (E.D.Pa. Jul. 1, 2015); see also Kelly v. Colvin, 2014 WL 4925089 n. 1 (W.D.Pa. September 30, 2014) (an ALJ's finding that plaintiff had mild limitations of concentration, persistence or pace in his paragraph B analysis at step two did not require the ALJ to incorporate some restriction into the RFC. "[T]he ALJ explained that those findings were not an RFC assessment and found that plaintiff's depression did not cause more than minimal limitations in plaintiff's ability to perform basic mental work activities.").

Here, at step two, the ALJ found that plaintiff's mood disorder was a severe impairment. The ALJ also expressly analyzed plaintiff's physical impairments and concluded that these were not severe. Then, the ALJ provided an extensive RFC assessment that considered "all symptoms" and concluded that plaintiff was capable of the full range of work with non-exertional limitations. The record does not suggest that the ALJ ignored evidence of plaintiff's physical impairments. See Bullock, 2015 WL 3999520 at *9. What is more, the plaintiff did not allege that her carpel tunnel syndrome was a severe impairment. In fact, plaintiff testified that there were no physical impairments that affected her ability to return to work. (R. 64.) I find that the ALJ did not err in concluding that although plaintiff had "some physical impairments" these did not cause more than minimal limitations and did not require a restriction in the RFC assessment.

Plaintiff submits that Judge Wells' reliance on Rutherford is misplaced arguing that here, unlike in Rutherford, there is evidence of plaintiff's "significant physical limitations." (Objections at P. 2.) Plaintiff points to EMG test results that demonstrated "mild carpal tunnel syndrome on the right, and nothing on the left, though Dr. Margraf noted carpal tunnel syndrome on the left could not be ruled out as a possibility." (Id.) This limited evidence hardly demonstrates "significant physical limitations" and does not undermine the ALJ's credibility determination that plaintiff's alleged physical impairments, including carpal tunnel syndrome, did not require a restriction in the RFC.

I find that the ALJ appropriately considered all of plaintiff's severe and non-severe limitations, and the RFC assessment is supported by substantial evidence. Accordingly, this objection is overruled.

5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, C. J.